BEVERLY GILBERT, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, PLAINTIFF, v. THOMAS TULL, INDIVIDUALLY AND IN HIS CAPACITY AS DIRECTOR, CAMDEN COUNTY WELFARE BOARD, AND J. ALLEN NIMMO, INDIVIDUALLY AND IN HIS CAPACITY AS DIRECTOR OF MUNICIPAL WELFARE FOR THE MUNICIPALITY OF CAMDEN, NEW JERSEY, AND THE CITY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND G. THOMAS RITI, INDIVIDUALLY AND IN HIS CAPACITY AS DIRECTOR, NEW JERSEY DIVISION OF PUBLIC WELFARE, AND ANN KLEIN, INDIVIDUALLY AND IN HER CAPACITY AS COMMISSIONER, NEW JERSEY DEPARTMENT OF INSTITUTIONS AND AGENCIES, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 6, 1976.

*Mr. Michael C. Morris* for plaintiff (Camden Regional Legal Services, Inc.)

*Ms. Mary Dugdale* and *Mr. Gerald Burke* for defendant Thomas Tull (*Ms. Dugdale,* Chief Counsel, Camden County Welfare Board).

*Mr. Laurence E. Rosoff* for defendants Nimmo and the City of Camden (*Mr. Martin F. McKernan, Jr.,* City Attorney, attorney).

*Mr. Richard M. Hluchan* for defendants Riti and Klein (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

TALBOTT, J. C. C., temporarily assigned. These are two actions in lieu of prerogative writs arising out of a series of transactions. The actions have been consolidated pursuant to *R.* 4:38–1. Initially plaintiff seeks to establish in a class action for herself and others similarly situated that the Camden County Welfare Board (hereinafter welfare board) is obligated to find her "presumptively eligible" for welfare payments on the date of her application for Aid to Families with Dependent Children (AFDC) funds and to begin payments immediately and before an investigation is made. She requests the court to enjoin the welfare board from refusing to comply with the applicable regulations of the Department of Institutions and Agencies (hereinafter INA) as to eligibility and to issue a declaratory judgment stating that it is defendant's duty to provide immediate assistance to all persons whose need is apparent from the written application given the welfare board under oath. Plaintiff brings a similar action against defendants representing Camden's General Assistance program. Plaintiff claims it is their practice and policy to deny General Assistance benefits to needy persons solely on the basis that such persons have children in their custody. Plaintiff seeks to enjoin this alleged practice and policy and have the court declare this policy in violation of the applicable statutes and regulations.

Plaintiff Beverly Gilbert is a Camden County resident, mother of one child and 8½ months pregnant with another. She is without assets and, other than $35 a month from Social Security, is without income. On May 13, 1976 she applied for AFDC benefits from defendant welfare board providing evidence of her eligibility for benefits by written statement signed under oath. On June 9, 1976 she applied for General Assistance benefits at the office of defendant J. Allen Nimmo. As of the date of this hearing plaintiff had not received benefits from either office.

For purposes of clarity the action against the county welfare board will be dealt with first.

Plaintiff contends that on the date of her application she should have been presumed eligible for welfare benefits and that she should have been issued a check immediately. She contends that the check should have been sufficient to enable her to meet her basic living needs pending verification of her application by the welfare board. The board's failure to do so, contends plaintiff, amounted to a breach of the "presumptive eligibility" standards set forth in the welfare regulations promulgated by INA. Plaintiff defines the class as all present and future applicants for AFDC benefits of eligibility by written statement under oath.

The welfare board takes the position that this was not a case involving the type of emergency situation for which they should have issued a presumptive eligibility check. Although it is not denied that plaintiff had no assets and virtually no income on the date of her application, the board justifies its failure to issue a check on the basis that Miss Gilbert did not specifically state that she was in immediate need of assistance. Therefore, her application was treated as an application for assistance subject to the established verification process, including independent proof of residence and dependents. The welfare board also argues that plaintiff is not properly before this court because she failed to exhaust her administrative remedies.

Codefendants Ann Klein, Commissioner of the New Jersey Department of Institutions and Agencies and G. Thomas Riti, Director of the New Jersey Division of Public Welfare, take the opposite position, believing that this is a classic case where presumptive eligibility should have been granted. Counsel for these codefendants argues that the regulations don't require the applicant to make a specific request for immediate assistance; rather, such a determination rightfully belongs to the welfare board through its employees.

██ ██ The court is satisfied that this action meets all the requirements for the maintenance of a class action as set forth in R. 4:32–1(a) and, in addition, finds that the welfare board has acted or refused to act on grounds generally applicable to the class as defined by plaintiff. The class action rule should be liberally construed, and such an action should be permitted unless there is a clear showing that it is inappropriate or improper. *Lusky v. Capasso Brothers*, 118 *N. J. Super*. 369 (App. Div. 1972). Here there exists a strong possibility of multiple litigation on the proper application of the "presumptive eligibility" regulations since welfare board routinely fails to issue checks to applicants who do not state they are in immediate need. To avoid that possibility the court certifies this action as a class action, defining the class as all present and future applicants of AFDC benefits whose immediate need is apparent and who have provided evidence of eligibility by written statement under oath.

The AFDC program is one of several categorical assistance programs which are encouraged and partly financed by the Federal Government. See *Motyka v. McCorkle*, 58 *N. J.* 165 (1971). New Jersey elected to participate in the program in 1959, and the statutory scheme is set forth in *N. J. S. A.* 44:10–1 *et seq. N. J. S. A.* 44:10–2 declares that needy dependent children living in New Jersey and the parent or relative with whom they live shall be entitled to financial assistance and other services from the county welfare board of the county in which they reside.

*N. J. S. A.* 44:10–3 directs the Commissioner of Institutions and Agencies to issue regulations to accomplish the purposes of the act. One of the stated purposes is to assure that all individuals wishing to make application for assistance for dependent children shall have the opportunity to do so, and that assistance shall be furnished with reasonable promptness to or for all eligible individuals. *N. J. S. A.* 44:10–3 (b).

Regulations implementing the statutory purposes are set forth in the Public Assistance Manual (hereafter PAM); such regulations are binding on all county welfare boards. *N. J. S. A.* 44:10–3; PAM § 1000. The regulation on presumptive eligibility reads as follows:

When immediate need is apparent and applicant provides evidence of eligibility by written statement signed under oath, the director of the county welfare board shall issue a grant effective as of the date of the application. [PAM § 1120]

Immediate need is defined as

* * * [a] condition when a family's available resources, at the time of application or before eligibility is established are less than the appropriate public assistance standard, and applicant is apparently eligible. [PAM, "Glossary of Terms"]

It appears that presumptive eligibility regulations were promulgated to insure that destitute welfare applicants would not have to await completion of the sometimes time-consuming verification process before receiving essential assistance.

The welfare board attempts to place an extremely narrow interpretation upon presumptive eligibility. Although their reasons for asserting plaintiff's ineligibility for immediate benefits are still unclear to the court, the thrust of their argument appears to be that the welfare board is under no obligation to issue a check for assistance on the day of application unless the applicant intones the magical incantation, "immediate need." This position is without merit and bespeaks an inexcusable evasion on the part of the wel-

fare board of their legally mandated responsibilities. Section 2110 *et seq.* of the Public Assistance Manual explicitly sets forth the duties of the welfare board at initial contact with the applicant. Those obligations include:

(1) Determining and explaining the programs which are appropriate and for which the applicant may be eligible; informing the applicant how and when to apply. PAM § 2111.

(2) Advising individuals of the general requirements of the application process, which includes giving the applicant a written summary of all rights and responsibilities relating to public assistance. PAM § 2112.

(3) Taking the application without delay. and, when immediate need is apparent, granting immediate assistance under presumptive eligibility. PAM § 2116.

 The welfare applicant, especially at initial contact, cannot be expected to be familiar with the miasma of welfare programs, regulations and procedures. Clearly, and properly, the regulations impose upon the welfare board the obligation of exploring and explaining to the applicants the kinds of assistance to which they may be entitled. The welfare board has offered no legitimate justification for its failure to provide plaintiff immediate assistance. It appears there is none.

██ The court also holds that plaintiff's failure to exhaust her administrative remedies does not preclude the present action. The general rule is propounded in *R.* 4:69–5, which states:

Except where it is manifest that the interest of justice requires otherwise, actions under *R.* 4:69 shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted.

Ordinarily, administrative remedies must be exhausted before resort is had to the courts, but the exhaustion is neither jurisdictional nor absolute and may be departed from where,

in the opinion of the court, the interest of justice so requires. *Matawan v. Monmouth Cty. Tax Bd.,* 51 *N. J.* 291 (1968).

█ Undoubtedly, plaintiff had a right to a fair hearing. PAM § 6000 *et seq.* It is, however, equally clear that plaintiff was destitute when she filed her complaint. She could have suffered irreparable injury had she been required to await completion of the time-consuming fair hearing process. Since the issue to be decided concerned interpretation of administrative regulations, and not factual contentions as to plaintiff's income and assets, the action was properly brought before this court.

█ █ It is the judgment of this court that it is the welfare board's duty to provide immediate assistance to all persons whose immediate need is apparent and who provide evidence of eligibility by written statement under oath. Lest there be any ambiguity, it is the duty of the welfare board to determine whether immediate need exists at the initial contact with the applicant. If it is determined that an applicant's available resources are less than the appropriate public assistance standard, then they are to be deemed in immediate need, and are to be given immediate assistance. A written statement, signed under oath by the applicant, is to be deemed sufficient evidence of eligibilty for presumptive eligibility purposes.

The General Assistance program is administered by the municipalities, who bear the primary duty of furnishing public assistance. *N. J. S. A.* 44:8–109; *Higdon v. Boning,* 121 *N. J. Super.* 276 (Cty. Ct. 1972). It is the mandate of the General Assistance program to provide for all needy persons not otherwise provided for by law. *N. J. S. A.* 44:8–109. The General Assistance Manual (hereafter GAM), put out by the Division of Public Welfare, delineates the respective responsibilities of the municipal and county welfare boards.

When a municipal welfare department initially makes contact with an applicant it is directed to first determine potential eligibility for one of the categorical assistance programs. Upon determining potential eligibility, a municipal

welfare board is instructed to refer the applicant to the county welfare board. They are empowered to grant assistance only in emergency situations or in the absence of potential eligibility for categorical assistance. GAM § 4.500B (1).

■ The General Assistance program appears to be designed to serve as a source of last resort. Its mission is to provide the basic necessities of life to those who do not qualify under one of the categorical assistance programs.

Plaintiff here does qualify for the AFDC program. At the time she applied for General Assistance she was otherwise provided for by law. Defendants, representing Camden's municipal welfare program, did in fact refer her to the Camden County Welfare Board, thereby complying with their administrative directives.

Plaintiff in essence argues that it is the duty of a municipal welfare department to furnish assistance to these persons who are eligible for one of the categorical assistance programs but who, because the county welfare board has misapplied the law, are not receiving the assistance to which they are entitled.

This argument finds no support either in the General Assistance enabling legislation or in the regulations promulgated thereunder. To accept plaintiff's argument is to impose upon municipal welfare departments financial and administrative burdens not envisioned nor intended by the legislature.

Plaintiff is a person otherwise provided for by law. She is not a member of a class eligible for General Assistance; consequently, the court cannot certify this action as a class action.

Plaintiff's remedy, when illegally denied categorical assistance, is to seek review by the appropriate administrative tribunal or, as was done here, by a court of law. To grant the relief plaintiff seeks here would amount to an unwarranted judicial disruption of the statutory and regulatory

scheme and would have the effect of promoting duplication of services.

The complaint against defendants Nimmo, the City of Camden, Riti and Klein is dismissed. Plaintiff's demand for punitive damages and counsel fees is denied. Plaintiff is to submit an order consistent with this opinion.